UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| DALE R. CAMPBELL, ) | CASE NO. 3:11 CV 1688 |
| ) | |
| Plaintiff, ) | JUDGE DAVID A. KATZ |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| CYNTHIA G. SCHARREN, et al., ) | AND ORDER |
| ) | |
| Defendants. ) | |

On August 12, 2011, plaintiff *pro se* Dale R. Campbell filed this *in forma pauperis* action against Cynthia G. Scharren, Deborah Croy, and Matthew G. Crandall. The complaint alleges Scharren forged the signature of Matthew Crandall on 13 checks "from plaintiff's Social Security Trust fund made to the order of Matthew." Complaint, p.3. Croy allegedly aided and abetted Scharren. Plaintiff asserts this conduct constitutes fraud and theft, and that the conduct is ongoing. He seeks monetary damages and referral of this case to the United States Attorney for prosecution.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(6th Cir. 1996).

As a threshold matter, there are no facts set forth in the complaint suggesting a proper basis for this court's civil jurisdiction, as the parties are all located in Ohio, and no federal statute providing a private cause of action for the conduct complained of is implicated by plaintiff's claim. Further, to the extent plaintiff seeks to bring criminal charges in this case, such charges may only be initiated by the United States Attorney. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c)

Accordingly, the request to proceed *in forma pauperis* is granted and this action is dismissed under section 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ David A. Katz

DAVID A. KATZ
UNITED STATES DISTRICT JUDGE